UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANISE SHIDAGIS,

                        Plaintiff,

v.                                                     3:23-CV-0032
                                                             (BKS/ML)
JILL DOMINGUEZ, Case Manager,

                        Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

SHANISE SHIDAGIS
  Plaintiff, *Pro Se*
202 Oak Hill Avenue
Endicott, New York 13760

MIROSLAV LOVRIC, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

      The Clerk has sent a *pro se* complaint in the above captioned action together with an application to proceed *in forma pauperis*, filed by Shanise Shidagis ("Plaintiff") to the Court for review. (Dkt. Nos. 1, 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application, and recommend that Plaintiff's Complaint be dismissed in its entirety without leave to amend. (Dkt. Nos. 1, 2.)

**I.     BACKGROUND**

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that Jill Dominguez ("Defendant") defamed her. (*See generally* Dkt. No. 1.) More specifically, Plaintiff alleges that Defendant Dominguez submitted documents—presumably to the state family court—titled "Permanency Hearing Report," which stated that Plaintiff threatened case planner John Zawiski via text message on October 20, 2022, stating "I will knock you out." (Dkt. No. 1 at 3-6.) Plaintiff alleges that this was incorrect information. (Dkt. No. 1 at 5.)

Based on these factual allegations, Plaintiff asserts one claim of "defamation: libel." (Dkt. No. 1 at 3.) As relief, Plaintiff seeks $5,000.00 per month until a trial is held. (Dkt. No. 1 at 3, 6.)

**II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's *in*

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]    The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.³

### III.   LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint

---

³   Plaintiff is reminded that, although her application to proceed *in forma pauperis* has been granted, she is still required to pay fees that she may incur in this action, including copying and/or witness fees.

for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.[4]

---

[4] "Defamation, consisting of the twin torts of libel and slander, is the invasion of the interest in a reputation and good name." *Hogan v. Herald Co.*, 84 A.D.2d 470, 474 (N.Y. App. Div. 4th Dep't 1982), *aff'd* 58 N.Y.2d 630 (N.Y. 1982). "Generally, spoken defamatory words are slander; written defamatory words are libel." *Albert v. Loksen*, 239 F.3d 256, 264 (2d Cir. 2001). For simplicity, this Order and Report-Recommendation refers to Plaintiff's claim in the general term of "defamation."

The Court lacks subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Here, there is no "federal question" jurisdiction because "[a]lthough the tort of defamation is a well-recognized cause of action under state common law, federal law does not create a general cause of action or provide a basis for federal question jurisdiction for defamation." *Steffens v. Kaminsky*, 20-CV-0737, 2020 WL 2850605, at *2 (D. Conn. June 2, 2020) (collecting cases). Thus, "a federal court generally will not have original jurisdiction over [defamation] claims unless complete diversity exists." *See Urena v. Wolfson*, 09-CV-1107, 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010) (citation omitted). In addition, because the complaint alleges that Plaintiff and Defendant are citizens of New York (Dkt. No. 1 at 1-2), there is no diversity jurisdiction. *Lever v. Lyons*, 16-CV-5130, 2021, WL 302648, at *9 (E.D.N.Y.

5

Jan. 28, 2021) (no diversity jurisdiction where parties were all citizens of New York). Moreover, the amount at stake does not appear to be more than $75,000. (Dkt. No. 1 at 3.)

As a result, I recommend that Plaintiff's claims be dismissed for lack of subject matter jurisdiction.

## V.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

---

[5]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

Here, leave to amend would be futile. As a result, I recommend that Plaintiff's claims be dismissed without leave to amend. *See Porter v. Hayes*, 22-CV-1067, 2022 WL 16744238, at *3 (N.D.N.Y. Nov. 7, 2022) (Dancks, M.J.) (recommending dismissal without leave to amend the plaintiff's defamation claims because the "[p]laintiff's claims are not cognizable as private causes of action under federal law."); *Vazquez v. New York*, 22-CV-0196, 2022 WL 2390248, at *6 (N.D.N.Y. June 30, 2022) (Hummel, M.J.) (recommending dismissal without leave to amend the plaintiff's defamation claim because, *inter alia*, "plaintiff has not established jurisdiction."), *report and recommendation adopted by*, 2022 WL 3100553 (N.D.N.Y. Aug. 4, 2022) (Suddaby, C.J.).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED only for purposes of filing and any appeal unless the trial court certifies in writing that the appeal is not taken in good faith**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE BUT WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) because the Court lacks subject matter jurisdiction to consider the claim therein; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[6]

---

[6] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).[8]

Dated: January 17, 2023
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[7] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

[8] Plaintiff is reminded that she must immediately notify the Court of any change of address consistent with N.D.N.Y. L.R. 10.1(c)(2), and that her failure to notify the Court of a change of address could result in the involuntary dismissal of her cases for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y. L.R. 41.2(b).